THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ROBERT T. CLENNER, Alias D. A. GRAY, and LEONARD K. HIRSHBERG, Defendants.

County Court, Broome County, June 23, 1936.

*Lee, Levene & McAvoy* [*Daniel J. McAvoy* of counsel], for the defendant Leonard K. Hirshberg, for the motions.

*A. E. Gold, District Attorney*, for the People, opposed to the motions.

MacClary, J. The grand jury sitting with the Trial Term of Broome County Court beginning March 2, 1936, found and returned two sealed indictments (Nos. 62 and 63) against the above-named defendants, accusing them in each indictment of the crime of grand larceny in the first degree and also of the crime of receiving stolen property in violation of section 1308 of the Penal Law of the State of New York.

Thereafter and on or about March 17, 1936, the defendant Hirshberg was duly arraigned upon said charges, the same were read to him and having no counsel present, a technical plea of not guilty was entered in his behalf and all legal rights reserved for him until such time as he should obtain and consult with counsel.

Thereafter, said defendant Hirshberg appeared by his attorney and obtained an order directing A. E. Gold, district attorney of Broome county, to show cause on the 3d day of April, 1936, why each of such indictments (Nos. 62 and 63) should not be dismissed as to him and he be discharged and rendered immune from further prosecution on said charges, upon the ground that the said Hirshberg was compelled to be a witness against himself at a hearing theretofore before the Attorney-General of the State of New York or his deputy, under the provisions of and pursuant to article 23-A of the General Business Law of the State of New York, commonly known as the Martin Act, such compulsion being claimed to be a violation of his constitutional rights as provided in article 1, section 6, of the Constitution of the State of New York.

The material facts, so far as these motions are concerned, as obtained from the moving papers, the oral argument of counsel and the briefs of the respective parties filed with the court, are substantially as follows:

The indictments charged that the defendants above named, each aiding and abetting the other, did on or about the 13th day of October, 1933, take from the possession of one Belle A. Mason, a resident of the city of Binghamton, N. Y., certain securities therein named and appropriated the same to their own use, the aggregate value of such securities being approximately $13,000. The alleged crime of taking and appropriating the said securities was charged in said indictments in different ways under three separate counts in each indictment and were alleged to constitute the crime of grand larceny in the first degree. The fourth count in each indictment charges the defendants with the crime of receiving stolen property in violation of section 1308 of the Penal Law, alleging that the defendants, each aiding and abetting the other and each counseling and inducing and procuring the other, did on said date receive, conceal and withhold and aid in concealing and

withholding the securities described in the three preceding counts, knowing the same had been obtained in such a way and manner as constituted larceny, under the provisions of the Penal Law.

That heretofore and some time during the month of March, 1934, the Attorney-General of the State of New York, or his deputy, under the authority and according to the provisions of article 23-A of the General Business Law of the State of New York, started an investigation into the facts and circumstances surrounding the alleged unlawful taking and appropriating of the said securities described and mentioned in said indictments. At that time a hearing was held by said Attorney-General or his deputy at his office at 80 Centre street in the city of New York under and pursuant to the provisions of said Martin Act, so called, and at that time and place one Joseph Cohen gave testimony implicating or tending to implicate the defendant Hirshberg in the alleged unlawful appropriation of said securities.

That shortly thereafter, pursuant to a subpœna issued by the Attorney-General and duly served, the defendant Hirshberg appeared at a hearing before said Attorney-General or his deputy and was sworn and examined at said hearing as to his connection with or knowledge of the circumstances and transactions pertaining to the unlawful appropriation of the said securities from the said Belle A. Mason and as to the disposition thereof.

That at said hearing and examination before the Attorney-General or his deputy, said Hirshberg was accompanied and represented by counsel.

The original transcript of the testimony taken at such hearing which was referred to in the moving affidavits on these motions with the same force and effect as if the same was set forth therein in full, discloses that the attorney for the defendant Hirshberg actively participated therein by interrogation of said Hirshberg and also by making certain statements in his behalf. Said testimony does not disclose, however, that said defendant Hirshberg at any time before or during said hearing asked to be excused from testifying upon said hearing or the investigation or proceeding initiated by the Attorney-General, on the ground or reason that his testimony might tend to incriminate him or convict him of a crime or subject him to a penalty or forfeiture, nor was he compelled to testify as provided for in section 359 of said General Business Law, so as to afford him the immunity as therein provided.

From the district attorney's brief we learn that a transcript of the evidence of said Hirshberg taken on such hearing was introduced in evidence before the grand jury which found the indictments sought to be dismissed as to said defendant. The affidavit of Hirsh-

berg, upon which the motions were predicated, states that at no time was any waiver of immunity signed by him.

The district attorney asserts that the immunity given by the said section 359 of the General Business Law is a personal privilege and said Hirshberg, having failed to exercise his rights as granted by said section, he waived his rights thereto and gained no immunity and the evidence he gave upon the examination before the Attorney-General or his deputy was properly admissible before the grand jury.

In support of such assertion he refers to the language of the section referred to, which he claims to be plain and explicit, also to numerous cases which uphold his contention.

On the other hand, the defendant's counsel contends that there is an improper distinction between a person who is in fact the party proceeded against and a mere witness. He claims that a person who is in fact the party proceeded against cannot be subpœnaed and sworn even though he claimed no privilege from testifying without an invasion of his constitutional rights and gaining legal immunity from prosecution. But he also states that a person subpœnaed and sworn as a mere witness in a general investigation or in a proceeding against others, must claim his privilege to obtain his right to immunity.

In these contentions defendant's counsel has cited numerous cases which he believes to be applicable in support of his views.

He further claims that section 359 of the General Business Law refers to a witness and was not intended by the Legislature to refer to a person who was the party proceeded against or the party accused, otherwise an amendment against self-incrimination would be necessary.

With this idea I cannot agree, as the hearing before the Attorney-General or his deputy was not a criminal case or even a judicial proceeding, and, therefore, we believe that said constitutional question does not apply.

Reference is made to section 6 of article 1 of the Constitution, to section 359 of said General Business Law and numerous cases, included among which are the following: *Dunham* v. *Ottinger* (243 N. Y. 423); *People* v. *Holmes* (227 App. Div. 734); *Matter of McNamara* (128 Misc. 84); *People* v. *Cahill* (126 App. Div. 391).

There seems to be a definite distinction between the right to immunity and the privilege of immunity. The right to immunity is statutory only, which cannot be taken away except by an express waiver by the party affected. It relates to witnesses in judicial proceedings or proceedings before officers having judicial powers.

The privilege of immunity is a personal one which must be claimed by the party but may be waived by failure to make such claim. A party desiring to obtain immunity must fully comply with all the provisions of any statute relating thereto before he is entitled to the immunity provided by such statute.

The investigation had and hearing held before the Attorney-General or his deputy was authorized by and held in conformity with the provisions of the General Business Law heretofore quoted and such statute was apparently intended particularly to give such State officer power to inquire into and prosecute if necessary fraudulent practices in relation to transactions in commodities and securities. If such inquiry should ultimately result in criminal prosecution of the party and examination as in the instant case and the defendant Hirshberg's contention is correct, then the effectiveness of the statute would be completely destroyed and the Attorney-General or the prosecuting official would be faced with unwarranted hardships and handicaps in endeavoring to enforce its provisions or prosecute any individual who had been sworn and examined on such an investigation. I do not believe that the courts should place such a narrow construction on the statute or restrict the efforts of public officials in carrying out their obvious duty. A party charged with illegal practice or criminal behavior must still be legally proven guilty thereof before a court of competent jurisdiction in a legal trial before he is called upon to suffer the consequences of his act. In such court and trial, the rights of such accused will be properly safeguarded and protected.

The examination before the Attorney-General or his deputy was not a judicial proceeding nor was he a judicial officer, nor did he or could he exercise judicial powers, functions or prerogatives. (*Dunham* v. *Ottinger, supra; Matter of McNamara, supra.*)

The statute (General Business Law, art. 23-A) has been held valid and enforcible. (*Dunham* v. *Ottinger, supra.*)

A careful study of section 6 of article 1 of the Constitution of the State of New York, article 23-A of the General Business Law, the cases cited by the respective parties and the other cases which I have studied in the investigation of the subject, convinces me that the position taken by the defendant Hirshberg is untenable and unwarranted in law and I, therefore, find and hold that no constitutional rights of said defendant have been violated and that his testimony given at the hearing before the Deputy Attorney-General did not give him immunity from criminal prosecution, and, therefore, the motions and each of them should be denied and an order to that effect may be made and entered accordingly.